IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ERIKA COCKRELL, for the Estate of Dennis F. Cockrell,<br><br>   Plaintiff,<br><br>  v.<br><br>WELLS FARGO BANK, N.A., and Does 1-100, inclusive,<br><br>   Defendants. | Case No. CV 13-2072 SC<br><br>ORDER GRANTING MOTION TO DISMISS |

This is a foreclosure dispute. Now before the Court is Defendant Wells Fargo Bank, N.A.'s ("Defendant") motion to dismiss Plaintiff Erika Cockrell's ("Plaintiff") first amended complaint. ECF Nos. 23 ("FAC."), 24 ("MTD"). The motion is fully briefed. ECF Nos. 27 ("Opp'n"), 28 ("Reply"). For the reasons discussed below, Defendant's motion is GRANTED.

I. **INTRODUCTION**

The parties are familiar with the facts of this case: Plaintiff brings this action on behalf of her deceased father Mr.

Dennis F. Cockrell's estate. Plaintiff's father had obtained a mortgage loan from Defendant, on which he defaulted. Plaintiff alleges that her father only defaulted because Defendant tricked him into doing so. Accordingly Plaintiff asserts the following claims against Defendant: (1) breach of the covenant of good faith and fair dealing, (2) promissory estoppel, (3) breach of contract, (4) intentional infliction of emotional distress, and (5) unfair competition under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq.

## II.  LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The allegations made in a complaint must be both "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party

may effectively defend against it" and "sufficiently plausible" such that "it is not unfair to require the opposing party to be subjected to the expense of discovery." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

**III. DISCUSSION**

    **A. Standing**

Defendant claims that Plaintiff lacks standing because she has no legal authority to litigate claims on behalf of her father's estate. Defendant made this argument in its first motion to dismiss, but the Court rejected it, partly because Plaintiff had sufficiently pled that she was the executor and administrator of her father's estate, and had maintained that position in her brief. See ECF No. 21 ("July 23 Order") at 4. Plaintiff's opposition brief contradicts her FAC, stating that there has been no probate proceeding, so there is no dispute she is not the personal representative, executor, or administrator of her father's estate. See ECF No. 27-1 ("Adelaars Decl.") at 1-2. See Miller v. Campbell, Warburton, Fitsimmons, Smith, Mendel & Pastore, 162 Cal. App. 4th 1331, 1339-40 (Cal. Ct. App. 2008) ("personal representative" or executor must be appointed by probate court).

In an attempt to mitigate this error, Plaintiff attaches to her opposition brief a document attesting that she is the successor trustee to her father's family trust. Id. Ex. A ("Cockrell Revocable Family Trust"). According to Plaintiff, she alleged that she was the heir and trustee of her father's estate, but in support of this contention she cites only the attachments to her opposition brief. Opp'n at 4.

3

1    Plaintiff's opposition brief directly contradicts her FAC,
2 and, moreover, the facts she cites in that brief are not referenced
3 in or incorporated into her pleadings.[1]  See Hal Roach Studios,
4 Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.
5 1990) ("Generally, a district court may not consider any material
6 beyond the pleadings in ruling on a Rule 12(b)(6) motion"); Session
7 v. PLM Lender Services, Inc., No. 10-04942 WHA, 2011 WL 6748510, *5
8 (N.D. Cal. Dec. 22, 2011) ("A plaintiff cannot avoid dismissal of
9 her complaint by alleging new facts in opposition to a motion
10 to dismiss.").[2]  Plaintiff's FAC pled that she is her father's
11 executor or administrator under probate law -- nothing else.  See
12 FAC ¶¶ 3-4 16.  Accordingly the Court cannot find from Plaintiff's
13 FAC whether Plaintiff has standing in this case.  In fact, in her
14 brief, "Plaintiff recognizes that her status as Trustee of her
15 father's property is not included in the Complaint and therefore
16 requests leave to allege standing."  Opp'n at 4.
17    The Court therefore GRANTS Defendant's motion to dismiss
18 Plaintiff's FAC.  Plaintiff has leave to amend in order to correct
19 her pleading deficiencies with regard to standing.  Plaintiff is
20 reminded that Rule 11 attaches to every filing she makes before the
21 Court.
22 ///
23 ///

---

[1] Another problem is that even if Plaintiff alleged that she was the trustee, it is not clear whether that capacity gives her the right to pursue these causes of action on behalf of the estate or the trust.

[2] Further, Plaintiff pleads that she presented Defendant with probate documents showing that Plaintiff was her father's estate's administrator -- a highly disturbing allegation now that it is clear this is not the case.

United States District Court
For the Northern District of California

**B.   Plaintiff's Other Claims**

In the interests of judicial efficiency and to avoid the parties' re-litigating certain issues if Plaintiff files an amended complaint, the Court also makes the following findings as to Defendant's motion to dismiss.

<u>Breach of the Implied Covenant</u>: The Court previously dismissed this claim with leave to amend, so that Plaintiff could plead facts showing that Defendant actively hindered Mr. Cockrell's estate. July 23 Order at 8.  In her FAC, Plaintiff continues to assert only that Defendant advised Mr. Cockrell to stop making payments.  See FAC ¶¶ 22, 25.  This fails to cure Plaintiff's pleading defect. The Court accordingly DISMISSES WITH PREJUDICE Plaintiff's breach of the implied covenant claim.

<u>Intentional Infliction of Emotional Distress ("IIED")</u>: The Court held that Plaintiff's original allegations as to this claim were too far removed from Defendant's conduct to support Plaintiff's claims.  July 23 Order at 11-12.  Plaintiff now alleges that Mr. Cockrell told Defendant's agent, when the agent suggested that Mr. Cockrell stop making payments, that the agent "better be right, because [Mr. Cockrell] could not handle any more stress in his life."  FAC ¶ 38.  The Court finds that this is insufficient to show that Defendant or its agents intentionally or recklessly caused harm to Mr. Cockrell, or that the alleged conduct was intolerably extreme.  Therefore, the Court DISMISSES WITH PREJUDICE Plaintiff's IIED claim.

<u>UCL</u>: Plaintiff's UCL unlawfulness claim relies in part on the two above claims as predicate violations.  Since those claims fail, Plaintiff's UCL claim is DISMISSED WITH PREJUDICE so far as it

relies on Plaintiff's breach of the implied covenant and IIED claims. Plaintiff's UCL unlawfulness claim survives to the extent that it is based on Plaintiff's promissory estoppel claim, which remains undisturbed.

The Court declines to address Defendant's joinder argument at this time, as Plaintiff purports to bring this action solely as trustee. Since the Court has dismissed the FAC so that Plaintiff can re-plead her standing on those grounds, the Court makes no finding as to joinder, though if Plaintiff chooses to allege other grounds for standing, she should account for the joinder rules.

## IV. CONCLUSION

As explained above, the Court GRANTS Defendant Wells Fargo Bank, N.A.'s motion to dismiss Plaintiff Erika Cockrell's first amended complaint. Plaintiff has thirty (30) days from this Order's signature date to file a second amended complaint. If she fails to do so, this case may be dismissed with prejudice.

IT IS SO ORDERED.

Dated: November 1, 2013

UNITED STATES DISTRICT JUDGE